Ladies and gentlemen, welcome to Illinois Appellate Court. I'd ask you to be seated for now. We have one case on the call for today. I want you to notice that Justice Hoffman is not here today. He certainly has read the briefs and will be listening to the argument that's being presented here today, and so he'll be well informed before he makes any determination on the case. We have one case again on the call for today. You will get 15 minutes for your argument. If you want to reserve some time, feel free to let us know about that as well. When you step up, I want you to state your name for the record, who you represent, and we can begin. Madam Clerk? Thirteenth, 1864, Arkady Potiyevskiy v. TM Transportation. Good morning, Counselor. Your name for the record? Good morning, Your Honor. Chi Young Yi, last name spelled Y-I, on behalf of Defendant Appellants. And Counselor, you ready to proceed? May it please the Court, the issue raised in this appeal is whether the Circuit Court erred in denying Defendant Appellants' motion to compel arbitration and state proceedings. Defendants request that this Court reverse Circuit Court's denial of motion to compel arbitration and to say all proceedings pending the resolution of an arbitration. Defendants Appellants stand on their briefs, but we wanted to address a few points before Your Honors. Illinois has long favored arbitration. Illinois courts have found that arbitration is a favored alternative to litigation by state, federal, and common law because it is a speedy, informal, and relatively inexpensive procedure for resolving controversies. I'm sorry to interrupt you so soon, but let me ask you about the standard of review. What do you think the standard of review should be? We believe the standard of review should be de novo. Generally, the standard of review on a 307A interlocutory appeal is abuse of discretion. But that's when there are factual findings that are made in the Circuit Court. In this case, there were no factual findings made. The Court reviewed the arbitration clause and made legal analysis based on that and found that the arbitration clause was unconscionable. So we believe that de novo review should be applied. Also, a public policy in Illinois is Illinois courts have long upheld the rights of parties to contract, the freedom of parties to engage in negotiations and enter into agreements. And the parties may determine the nature and scope of such agreements and also they may choose to limit certain rights or time period as well. With this public policy backdrop, plaintiffs and defendants entered into independent contractor agreements wherein plaintiffs' truck drivers were engaged as independent contractor truck drivers on behalf of defendants. And these contractor agreements included arbitration clauses that indicated that disputes relating to deductions of compensation should be resolved by... And we're familiar with those basic things. Yes. So let me jump over to a question here. The individuals in question are cross-country truck drivers. All right? That might be an important factor here when we look at that 10-day window because the very nature of their work requires them to be away from home for days at a time and maybe even for weeks at a time. So if they get a paycheck or let's say a check from your client and your client unilaterally says, okay, we're going to deduct the following 19 things from that check because I'm invoking all these clauses in this contract, isn't it very possible that they wouldn't even know about that until more than 10 days have passed because of the very nature of the work they're doing for this company or maybe for a different company? We believe that the 10-day notice requirement is just for the notice. It doesn't involve other procedural matters where you have... But how would they know to send the notice? They won't know to send the notice unless they see that the check has deductions from it, right? Yes, sir. How is the check transmitted to the truck drivers? Is it presumably by mail? I presume... I couldn't find anything in the record. I don't want you to put you on the spot. Even if it's by mail, the arbitration clause talks about when the deductions are made and it may be interpreted that when the deductions are made is when they receive the check because the deductions are made when they receive the check, which indicates when the deductions were made as opposed to when the company perhaps made the deductions itself and... So you're saying 10 days from the receipt of the check is when the 10-day period... That may be a reasonable understanding as well because the deductions wouldn't actually take into effect until that person would receive the check and either determine... But even so, let's give you that interpretation of the 10-day clause because I think this is really the most challenging aspect of the case for you here. I don't know of any other type of contractual arrangement, particularly one involving pay for a blue-collar worker, where there would be a 10-day limitation period. I mean, it just is so outside the realm of normal contract law and I think that's what Judge Flynn was looking at here. It's understandable, Your Honor. The 10-day period seems short, but as I indicated, the parties are entitled to engage and limit the scope and the rights and the notice requirement as well. And the 10-day requirement merely states that the notice be given, whether it's by fax or what other means. We don't believe that that's so unconscionable on its face that it should be invalid. Also, we argue that if there is any portion of the arbitration clause that the court deems is completely unconscionable, then that portion, which is not an extension to the bargain, should be severed. So that's our position. Counsel, let me ask you. Was there any testimony or any evidence offered relative to what's the standard in this industry for notice or statute of limitations on advising that there's going to be a request for arbitration? What's the standard? Was there any testimony about that? There was no testimony. And we believe it's the burden of the plaintiffs. Once we offer the independent contractor agreements that indicated that arbitration of such disputes are required, then it was the burden of the plaintiffs to overcome that burden, and they have not. In this case, defendants submitted the independent contractor agreements with the arbitration clauses, so the burden shifted to the plaintiffs, which plaintiffs did not meet. Counsel, let me ask you. As far as the cost that the AAA would charge, was that incorporated by reference specifically in the contract, or was it just referred to? It was referred to, Your Honor. The arbitration clause allowed the parties to designate one arbitrator for each party, and thereafter, if the two arbitrators could not agree, then a third impartial arbitrator would be chosen by the two arbitrators. Okay. And the two arbitrators that are sort of at the first level, there's no particular qualifications for those arbitrators, right? So everybody can bring in their brother-in-law, which means we're always going to go to AAA. In the contract itself, it doesn't have specific requirements. They don't have to be a lawyer. No, but the arbitration clause requires, I believe, a contractor in similar position as the truck drivers as one of the requirements. Counsel, my question goes to the notice as to the cost of the arbitration. How would the drivers know the cost? I mean, you don't incorporate by reference the AAA charges, so you just refer to it. There's no case law that indicates that you have to specifically outline what the costs are. In fact, there are courts that have indicated that if you are to accurately determine what the future arbitration costs would be, there would be no way to calculate that, because there's no way to foreseeably see how far the case would go or what the claims would be. All right. And I think you argued that the trial court presumed certain things in making its ruling relative to this issue, that presumed that there would be need for two arbitrators or three would be needed and there would be cost. Was there any evidence, again, other than a presumption by the court? No, there was no evidence. There was no indication other than plaintiffs arguing that the arbitration by a third arbitrator would be required. There was no testimony. There was no affidavit, no facts supporting that, and that's one of our issues. We do believe that the circuit court correctly found that the plaintiff's claims are related to deductions from compensation, so the scope would be subject to arbitration clause. But we believe that the circuit court erred when it found that the arbitration clause was unconscionable. And we stand on our briefs related to each and every separate issue concerning unconscionability. But in summary, we believe that the arbitration clause is not procedurally unconscionable, nor is it substantively unconscionable. Counselor, let me ask you, you cite the Kinkle case, is that right? Yes. And Kinkle pretty much, I mean, it gave you a really nice analysis of unconscionability, but it referred mostly to the class action provision, did it not? Yes, you're correct, Your Honor. The issue involved in Kinkle wasn't whether the arbitration clause should be enforced or not. The issue there was whether class action waivers were unconscionable or not unconscionable. So we believe that the analysis on unconscionability was applicable and very useful in this case. But as to the facts in that case, they are distinguishable from our case. Because in Kinkle, there was not even a notice concerning costs. In our case, we say each party assumes the – each party would be responsible for the arbitration costs for the third arbitrator. And in Kinkle, I believe there was a limitation as to the recovery. I believe, if my recollection is correct, that the most that the plaintiffs could recover under the contract would be $150. There's no such limitation in our arbitration clause. And also, there was no – in Kinkle, there was no way for plaintiffs to recover costs or attorney's fees. In our arbitration clause, the party that prevails may collect costs and attorney's fees. Thank you. Ms. Yee, we know this is an interlocutory appeal. Yes, Your Honor. Has there been – have there been any proceedings in the circuit court of note since Judge Flynn's order was issued? Or is everything basically ground to a halt waiting for us to decide something? Defendants have requested a statement of the proceedings in light of the interlocutory appeal. Judge Flynn has determined that proceeding with at least the pleadings portion was applicable. So plaintiffs have submitted a First Amendment complaint and defendants have answered that First Amendment complaint. And what are the differences between the original complaint and the First Amendment? Are they relevant to what we have to decide here? The substance remains the same. They have added, I believe, some additional facts supporting their claims, but we believe the substance of the complaint – Basically, they're still the same counts. Yes. All right, counsel. Anything further at this point? We would like to reserve a few minutes for rebuttal. Very good. Thank you, ma'am. Thank you. Good morning. Your name, please. Yes. Good morning. My name is Julia Bigbova, and it's spelled B-I-K-B-O-V as in Victor A. And my co-counsel Alexander Tolmatsky, T-O-L-M-A-T-S-K-Y. Thank you. Continue, counsel. May I please the court? I'm Julia Bigbova, and I represent the plaintiff's affilies in this case. The circuit court was correct when it invalidated the arbitration provision in the employment contract between the defendants and plaintiffs, and we respectfully request this court to affirm the circuit court's decision. Even if this court were to reconsider or give a different interpretation to the unconscionability finding by the circuit court, this case nevertheless warrants judicial resolution, judicial proceedings, because the vast majority of the claims as alleged in the plaintiff's complaint fall outside the scope of the arbitration provision. And in addition, three out of four causes of action actually seek injunctive relief and equitable remedies. We also contend that neither Federal Arbitration Act nor the Illinois Uniform Arbitration Act preempt the cause of action under the Illinois Wage Payment and Collection Act in this particular case. Counsel, I'm a little confused about your standard of review. Do you say it's abuse of discretion and clearly erroneous? Yes, Your Honor. We maintain that under the Illinois Supreme Court holding in the city of Delvedere, the appeal involving the mixed questions of fact and law should warrant the clearly erroneous standard of review. We maintain that in this particular case, with respect to deciding the issue of unconscionability, there were mixed questions of fact and law involved. Moreover, this very court in just July of this year in Bovey v. Sears held that the standard of review of deciding interlocutory appeals of the motions to compel arbitration, they involve both standards of de novo as well as abuse of discretion. Also, with respect to the standard of review in Redmond v. Soka, the Illinois Supreme Court actually stated that the standard of review does not apply to the entire appeal. It applies to separate issues. And we maintain that there are separate issues or sub-issues that act in this particular appeal that actually warrant separate standard of review to each issue. For example, the procedural unconscionability is clearly a question of fact and the substantive unconscionability would be the mixed questions of fact and law. Thank you, counsel. Yes. A party definitely may be forced into arbitration, but only if there is a valid contract. The Soka court did not find a valid contract in this particular case. Judge Flynn correctly invalidated because he found this to be both substantively and procedurally unconscionable. Clearly, the arbitration provision that you reviewed was meant by the drafter to effectively preclude the truck drivers from ever bringing the disputes. I also would like to note for the court that the majority of the questions raised on the appeal, the defendants actually never raised before the Soka court, and specifically, the very issues that go to finding out the unconscionability, such as the 10-day limitation was never contested in either pleadings or the hearings before the court. The selection of Illinois as the only forum for the arbitration and so forth. But didn't Judge Flynn address those in his opinion? Yes, he did. He did. Okay. Let me just jump to a slightly different issue. Do you concede at least that the one affidavit that has no signature is a nullity? It doesn't get us anywhere, and we have to rely only on the affidavits that actually are signed? Yes, Your Honor. Under Illinois Supreme Court Rule 191, what is required for a valid affidavit is that either a name or a signature, an affidavit must be signed by the opponent or his name must appear therein as the person who took the oath. Even though that one particular affidavit that you're referring to does not actually have the signature. Actually, that is for the reason we... And how do we know it's that person's affidavit? I mean, that's just sort of basic pleading. You seem to be arguing that we could have an affidavit with no signature, and that troubles me. Yes, Your Honor. Once again, there is a verification by certification in that particular affidavit. The affidavit, if I'm not mistaken, begins with, I am rolling up a kid's under oath, being fully sworn. Are you saying that there is a signature somewhere on the document, but it's under the verification portion? I just remember it's been about a month since I looked at it. Yes, Your Honor. That particular affidavit was not signed. And once again... At all? At all. Okay. It was actually signed just a day after we submitted the pleading, simply because our plaintiffs are the truck drivers who spend a significant amount on the road. So what was the corrected signed version before Judge Flynn when he rendered his opinion? We were ready to proffer it. This issue never came up. As a matter of fact, Judge Flynn ruled very summarily and quickly on the validity of the affidavits under Illinois Rule of Civil Procedure 109. Clearly the verification by certification suffices and there is no requirement of notary. I'm not disputing that 1-109 can substitute for notarization, transform something into a document under oath. I think you answered the question about the unsigned affidavit. Yes. Counsel, let me ask you. As far as evidence presented in this case, there was no hearing, correct? There was not the vote or arguments by counsel. Arguments of counsel. As far as evidence, the affidavits, that was it pretty much, right? Yes, Your Honor. And the argument is made that the court made certain presumptions without evidence being offered before relative to the AAA fees and things of that nature, and what's your argument relative to that? What evidence is there since the AAA was referred to in the contract but wasn't incorporated by reference? How is that before the court? Yes, Your Honor. With respect to the oral argument, there was clearly an opportunity with respect to evidentiary hearing, if I understand your question correctly. I believe that the defendants had an opportunity to request an evidentiary hearing. They did not. With respect to the incorporating or simply referencing the AAA rules, there is no actually case law on point with the defendants that specifically says that not enclosing the AAA rules would render the arbitration provision unconscionable or unreasonable and capricious. However, the AAA rules is only a reference and therefore there are court decisions that actually say that you have to make it very explicit with the intent to incorporate a specific document. Here in this arbitration agreement, we're not finding that. But even if there was, once again, we have to look at the very circumstances of who is involved. What are the parties that are involved in this particular case? We're talking about an arbitration provision requiring the truck drivers who are, you're correct, traveling majority of their time, 11 to 15 hours in a row daily for a number of days per week, away from home, away from this employer, they would virtually have to commute every two weeks to arbitrate. Counsel, what form would be convenient then? We believe the forum selection clause would be appropriate if it actually allowed for a resolution of dispute in the home state of the truck driver. You're bouncing around a little bit here. Because the underlying complaint, count one, is your Illinois Wage Claim and Collection Act claim. And in that claim, you're basically saying these people are not independent contractors, they're employees. And therefore, and that they're employees in Illinois, even though they're driving around, maybe from Iowa to Vermont or something. And that's where I'm trying to piece this together here. Because, of course, an Illinois Wage Claim and Collection Act claim must be Yes, Your Honor, correct. As a matter of fact, as we filed in the amended complaint, we did add certain facts that, yes, the majority of the plaintiffs in this case are residents of other states. But they do spend significant time in Illinois commuting or delivering cargo to and from locations in Chicago. At the same time, yes, and this complaint was brought in the Circuit Court of Illinois because this claim was brought out pursuant to Illinois Wage Payment and Collection Act. As a matter of fact, being non-residents of Illinois, residents of other states, in their respective states, because the defendant is an Illinois corporation, even if there are respective states Those are the paychecks they're coming from, aren't they? The checks are coming from an Illinois corporation. Yes. In other words, if they're not to bring the claim here in Circuit Court in Illinois, our drivers would be precluded or not able to raise any sort of claim in their respective states. So this is the only forum. But the difference, the fundamental difference between filing a claim in Circuit Court as the one before the present case, as opposed to requiring the truck drivers to commute here virtually every two weeks to Illinois to But they're not asked to do that. They're just asked to give notice within 10 days, not to come here. Correct? That is correct, Your Honor. At the same time, the defendants, I'm sorry, the plaintiffs, as alleged in the complaint, had virtually every single paycheck deducted. And there is no procedure specified in the arbitration provision that would And in fairness, again, as reasoning, Judge Flynn's reasoning followed the reasoning of that in Kinkel, specifically that if each of these subfactors or factors of standing alone would not amount to being that particular factor unconscionable or reasonable and capricious, when all factors looked collectively, they do add up to finding the entire arbitration provision unconscionable. I mean, it's clearly meant to be drafted one-sided, unfair, fundamental unfair, and cost-prohibitive to preclude the truck drivers from ever raising the complaints. And even, as the defendants just argued, severing one provision, that would not cure it. Just see how many sub-provisions or sub-clauses here would have to be severed. At the same time, how do you sever the very fact that our plaintiffs have never received a copy of what they just executed? They were not given the opportunity to review the entire employment agreement. They were not given the time, you know, was it take it or leave it. And I know there are cases. There are plenty of cases that say if you sign a contract but you didn't read it, you're still stuck with the contract. So that's probably not your best argument here. That's true. It's hard for us to get around that one. That's true. But once again, when this clause is looked at in its entirety and all of the issues as we outlined, not giving any sort of heads up as what the costs are going to be. Actually, contrary to the case in Bass, which is the Illinois District, or Green Tree Financial, clearly the United States Supreme Court, in these cases, the arbitration clause clearly provided for, you know, we pay, you would pay that, you know, $125 filing fee as in Bass. And we will follow up and cover the rest of the expenses. These cases never actually said, the United States Supreme Court actually never had a case where it would hold a specific procedure how much a person tried to meet the burden, has to demonstrate that this would be cost prohibitive. We believe that these affidavits, you know, and the evidence attained during the hearing, we believe that that was enough. And the plaintiffs did meet the burden. And it's simply, you know, the reasoning in Kinkel. One provision alone would not be enough. If all of these together, they do amount to unconscionability. The very fact that the plaintiffs would have to be, the word in the arbitration provision is shall, not may, as the defendants just say, shall pay the arbitration costs and fees and the attorney's fees of the defendants if the defendants prevail. Okay. Finish up, counsel, if you would, please. Thank you. Finish your thought or your sentence? Yes. We, again, respectfully request this court to affirm the circuit court's decision in invalidating this arbitration provision and allowing this claim to proceed in the circuit court. Thank you. Any other questions? No. Thank you very much. Final word then, counsel. Thank you. I just wanted to address a couple of points. Plaintiff's counsel just ended with some case law that indicated that not outlining what the cost would be was found unconscionable kinkle. There was no indication given in the agreement what the cost would be. And the arbitration clause indicated that cost information or fee information would be available through AAA upon request. There was no indication that there would be any cost assessed on the plaintiff. Also, plaintiff's counsel kept mentioning these factors and these facts. A central issue that we have with these facts that plaintiff keeps raising is that there's no admissible evidence that was offered by plaintiffs. These are just legal arguments concerning, well, perhaps it would be just too burdensome for these truck drivers to come to Illinois because they're, you know, all over the country. There's no sufficient affidavits indicating how burdensome that would be, what the cost prohibitiveness would be. And also, Judge Flynn did indicate that he did see some procedural unconscionability in the AAA rules not being attached, but there was no facts to support that. That's one of our contentions, that if Judge Flynn did want to assess procedural unconscionability issues and did consider the facts in the case that were raised by plaintiff's counsel, that should be raised, that there should be factual findings based on evidentiary hearings, not based on insufficient affidavits that were submitted by plaintiffs. Counsel, thank you. Thank you, Adam. All right. This is under advisement and will be hearing from us. Thank you very much. Thank you.